UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| CARL I. BOYKIN, III, ) | Case No. 08-42265-659 |
| ) | Judge Kathy A. Surratt-States |
| ) | Chapter 13 |
| Debtor. ) | |
| ) | |
| U.S. BANK NATIONAL ASSOCIATION, ) | **Adversary No. 09-4161-659** |
| ) | |
| ) | **PUBLISHED** |
| Plaintiff, ) | |
| ) | |
| -v- ) | |
| ) | |
| CARL I. BOYKIN, III, ET. AL., ) | |
| ) | |
| ) | |
| Defendants. ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The matter before the Court is Plaintiff U.S. Bank National Association's Complaint to Set Aside Tax Sale, Alternatively to Disburse Excess Sale Proceeds; Defendant Collector of Revenue's Response to Plaintiff's Complaint to Set Aside Tax Sale, Alternatively to Disburse Excess Sale Proceeds; Defendant Lienquest Properties, LLC's Answer to Complaint; Defendant Lienquest Properties, LLC's Counterclaims; Defendants Carl I. Boykin, III and Rhonda L. Boykin's Answer to Plaintiff's Complaint; Defendants Carl I. Boykin, III and Rhonda L. Boykin's Crossclaim to Set Aside Tax Sale; Plaintiff's Response to Defendant Lienquest Properties, LLC's Affirmative Defenses and Counterclaim; Defendant Lienquest Properties, LLC's Answer to the Cross-Claim of Defendants Carl I. Boykin, III and Rhonda L. Boykin; Defendants Carl I. Boykin, III and Rhonda L. Boykin's Response to Defendant Lienquest Properties, LLC's Affirmative Defenses and Cross-Claims Directed Against Debtors; Joint Stipulation of Uncontested Facts with attached exhibits; Plaintiff's Brief in Support of Judgment; Brief in Opposition to Plaintiff's and Debtors' Claims of Defendant Lienquest Properties LLC; Defendants Carl I. Boykin, III and Rhonda L. Boykin's Brief in Support

of Judgment; and Plaintiff's Reply to Lienquest's Brief in Opposition. The matter was submitted on the pleadings. Upon consideration of the record as a whole, the Court issues the following **FINDINGS OF FACT:**

Debtor Carl I. Boykin, III (hereinafter "Debtor") and Rhonda L. Boykin were the vested owners of a property located at 12911 Cathedral Hill Drive, St. Louis, MO 63138 (hereinafter "Property") by General Warranty Deed dated August 27, 2003. The General Warranty Deed was recorded on or about September 10, 2003 in Book 15289 at Page 593 of the Saint Louis County Recorder of Deed's Office. Joint Stipulation of Uncontested Facts (hereinafter "Stip.") ¶ 1; Ex. 1. By Deed of Trust dated on or about August 31, 2004 and recorded on or about October 1, 2004, Debtor and Rhonda L. Boykin conveyed a security interest in the Property to Mortgage Electronic Registration Systems, Inc., as nominee for Michigan Fidelity Acceptance Corp., d/b/a Franklin Mortgage Funding (hereinafter "Mortgage ERS") to secure indebtedness in the amount of $112,800.00 (hereinafter "Deed of Trust A"). Stip. ¶ 2; Ex. 2. By Deed of Trust dated on or about August 31, 2004 and recorded on or about October 1, 2004, Debtor and Rhonda L. Boykin conveyed a security interest in the Property to Enterprise Land Title, as Trustee for Michigan Fidelity Acceptance Corp., d/b/a Franklin Mortgage Funding (hereinafter "Enterprise LT"), to secure indebtedness in the amount of $28,200.00 (hereinafter "Deed of Trust B"). Stip. ¶ 3; Ex. 4. Debtor and Rhonda L. Boykin did not pay the Property taxes for 2004, 2005 and 2006 for which the total tax delinquency was $7,995.00. Stip. ¶ 5.

The Saint Louis County Collector of Revenue offered the tax certificate to the Property (hereinafter "Tax Sale Certificate") for auction on or about August 27, 2007. Stip. ¶ 4. At the auction, US Bank, custodian for Sass Muni V DTR (hereinafter "Sass Muni"), was the highest and best bidder in the amount of $22,000.00, thus yielding a surplus of $14,005.00. Stip. ¶¶ 4 - 5; Ex. 5. Sass Muni was granted the Tax Sale Certificate at that time. Stip. ¶ 4; Ex. 5. This was the first tax sale offering for the Property. Stip. ¶ 4.

Mortgage ERS assigned Deed of Trust A to Plaintiff U.S. Bank National Association (hereinafter "Plaintiff").  Said assignment occurred on or about April 1, 2008 and was recorded on or about May 6, 2008 in Book 17883 at Page 3399 of the Saint Louis County Recorder of Deed's Office.  Stip. ¶ 6; Ex. 6.

Debtor filed a Bankruptcy Petition under Chapter 13 of the Bankruptcy Code on April 2, 2008.  Stip. ¶ 7.  Debtor listed the St. Louis County Collector of Revenue as a secured creditor.  Stip. ¶ 7.  Ocwen Loan Servicing, LLC filed a secured claim in Debtor's bankruptcy in the amount of $111,921.00 on behalf of Plaintiff.  Stip. ¶ 18.

An attorney for Sass Muni conducted a title search on the Property on July 27, 2008.  Stip. ¶ 9.  On September 2, 2008, Sass Muni served Notice of Tax Sale upon Brian Robinson at the Property.  Stip. ¶ 10; Ex. 8.  Brian Robinson was in possession of the Property at that time.  Stip. ¶ 10.  On September 15, 2008, an attorney for Sass Muni caused Notice of Intention of Sass Muni (hereinafter "Notice of Intention") to be mailed, via certified mail and first class US mail, return receipt requested, to all parties with an interest in the Property, to the inclusion of Debtor, Rhonda L. Boykin, Enterprise LT, Plaintiff and Saint Louis County.  Stip. ¶ 11; Ex. 9.  The Notice of Intention indicated that Sass Muni intended to acquire the deed to the Property from the St. Louis County Collector of Revenue (hereinafter "Collector's Deed").  Stip. ¶ 11.  The Notice of Intention stated the following:

> On Monday, August 27, 2007, the Collector of Revenue of St. Louis County, Missouri, offered the tax lien certificate on the above-referenced real estate for sale in a delinquent tax sale.  This offering was the first or second offering of such property by the Collector of Revenue under Chapter 140 of the Revised Statutes of Missouri (RSMo).  At such sale, our firm's client, Sass Muni V DTR, purchased the tax lien certificate on the above-referenced real estate for the sum of $22,000.00...
>
> Pursuant to Section 140.405, RSMo...a title examination was conducted...

3

> The enclosed title examination indicates that you may be a "person who holds a publicly recorded deed of trust, mortgage, lease, lien or claim upon th[e] real estate" in question, "including one who was the publicly recorded owner of the property sold at delinquent land tax auction previous to such sale."
>
> Pursuant to Section 140.405, RSMo, this letter is to give you notice of the intention of our firm's client to acquire a collector's deed to the above-referenced property.
>
> You are hereby notified that you may have a right to redeem your interest in said property within at least ninety days from the date the county collector receives an affidavit from our client or on behalf of our client that proper notice has been given or the contrary stated herein...
>
> If you wish to redeem your interest in the above-referenced property, you should contact the Collection Division of the St. Louis County Department of Revenue...

Ex. 9. No party in interest disputes receipt of this Notice of Intention. Stip. ¶ 12. No party in interest redeemed their interest.

On December 1, 2008, the Tax Sale Certificate was assigned by Sass Muni to Defendant Lienquest Properties, LLC (hereinafter "Defendant Lienquest"). Stip. ¶ 14; Ex. 12. On December 19, 2008, a Collector's Deed was issued to Defendant Lienquest and was recorded on or about January 29, 2009 in Book 18193 at Page 3441 of the Saint Louis County Recorder of Deed's Office. Stip. ¶ 15; Ex. 13. Thereafter, Defendant Lienquest, unaware of Debtor's bankruptcy filing, filed a Petition to quiet title and obtain an order of possession in the Circuit Court of Saint Louis County (hereinafter "State Court Action"). Stip. ¶ 16; Ex. 3. Upon learning of Debtor's bankruptcy filing, Defendant Lienquest caused the State Court Action to be dismissed without prejudice. Stip. ¶ 17; Ex. 15.

Plaintiff argues first that the Notice of Intention to obtain the Collector's Deed sent by Sass Muni, predecessor to Defendant Lienquest, did not comply with Missouri law regarding first tax sale offerings. Plaintiff argues that under Missouri Statute, in a first or second tax sale offering, the tax sale certificate recipient must inform all those who have a publicly recorded deed of trust, mortgage,

4

lease, lien or claim against the real estate that they have one year from the date of the tax sale to redeem the property or be forever barred from redeeming their interest. Plaintiff argues that the Notice of Intention sent by Sass Muni provided notice of a 90 day redemption period, which would be proper if the Tax Sale Certificate were purchased in a third tax sale certificate offering. However, since Sass Muni purchased the Tax Sale Certificate at a first tax sale offering, the proper redemption period is one year, and as such, notice should have been provided to all interested parties indicating that the same had one year from the date of the tax sale to redeem their interest. Therefore, Plaintiff argues that the notice was inadequate. Debtor joins in Plaintiff's argument regarding notice.

Plaintiff further argues that the Collector's Deed was granted to Defendant Lienquest after Debtor filed the bankruptcy petition, and therefore, granting the Collector's Deed was in violation of the automatic stay. Debtor joins in Plaintiff's argument regarding the violation of the automatic stay. Lastly, Plaintiff argues that if the tax sale and issuance of the Collector's Deed are not set aside, Plaintiff has the greatest interest in the excess tax sale proceeds.

Defendant Lienquest argues that Missouri law only requires that notice of a right to redeem be provided at least 90 days before a tax sale purchaser may obtain the collector's deed and that there is no statutory requirement that the tax sale purchaser provide all interested parties with notice of the entire redemption period. Defendant Lienquest further argues that filing a bankruptcy petition does not toll the redemption period and therefore, since Debtor did not redeem his interest in the Property during the statutory redemption period, the Collector's Deed was properly granted to Defendant Lienquest.

**JURISDICTION**

This Court has jurisdiction over the parties and subject matter of this proceeding under 28 U.S.C. §§ 151, 157, and 1334 (2009) and Local Rule 81-9.01(B) of the United States District Court for the Eastern District of Missouri.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(K) (2009). Venue is proper in this District under 28 U.S.C. § 1409(a) (2009).

**CONCLUSIONS OF LAW**

The first matter before the Court is whether the Notice of Intention to acquire the Collector's Deed provided adequate notice as prescribed by Missouri statute. Missouri Statute Section 140.405 states:

> Any person purchasing property at a delinquent land tax auction shall not acquire the deed to the real estate, as provided for in Section 140.420, until the person meets with the following requirement.... **At least ninety days prior to the date when a purchaser is authorized to acquire the deed, the purchaser shall notify any person who holds a publicly recorded deed of trust, mortgage, lease, lien or claim upon that real estate of the latter person's right to redeem such person's publicly recorded security or claim.**  Notice shall be sent by certified mail to any such person, including one who was the publicly recorded owner of the property sold at the delinquent land tax auction previous to such sale, at such person's last known available address. Failure of the purchaser to comply with this provision shall result in such purchaser's loss of all interest in the real estate.  If any real estate is purchased at a third-offering tax auction and has a publicly recorded deed of trust, mortgage, lease, lien or claim upon the real estate, the purchaser of said property at a third-offering tax auction shall notify anyone with a publicly recorded deed of trust, mortgage, lease, lien or claim upon the real estate pursuant to this section. Once the purchaser has notified the county collector by affidavit that proper notice has been given, anyone with a publicly recorded deed of trust, mortgage, lease, lien or claim upon the property shall have ninety days to redeem said property or be forever barred from redeeming said property. If the county collector chooses to have the title search done then the county collector must comply with all provisions of this section, and may charge the purchaser the cost of the title search before giving the purchaser a deed pursuant to Section 140.420.

Mo. Rev. Stat. § 140.405 (2009)(emphasis added) (hereinafter "Mo Tax Sale Statute").

In addition to complying with the above notice requirements, the successful bidder at the

6

tax sale must pay all subsequent taxes, *see* Mo. Rev. Stat. § 140.440 (2009), produce the original tax sale certificate, *see* Mo. Rev. Stat. § 140.420 (2009), and tender recording fees for the Collector's Deed, *see* Mo. Rev. Stat. § 140.410 (2009). Further, Section 140.340.1 states that "[t]he owner or occupant of any land or lot sold for taxes, or any other persons having an interest therein, **may redeem the same at any time during the one year next ensuing***...".* Mo. Rev. Stat. § 140.340.1 (2009)(emphasis added). If a tax sale purchaser does not obtain the collector's deed within two (2) years of the tax sale, the tax sale purchaser loses all interest in the property. Mo. Rev. Stat. § 140.405 (2009).

The first dispute concerning Defendant Lienquest's Collector's Deed is whether adequate notice was provided prior to issuance of the Collector's Deed. The Tax Sale Certificate was issued to Sass Muni following the first tax sale for the Property and thus, there is a one-year period which must elapse before Defendant Lienquest may obtain the Collector's Deed. Mo. Rev. Stat. § 140.340.1 (2009). The Mo Tax Sale Statute requires that a tax sale purchaser provide notice to all interested parties of the their right to redeem their secured interest in the property at least 90 days before the tax sale purchaser is authorized to acquire the deed to the property. Mo. Rev. Stat. § 140.405 (2009).

Plaintiff argues that Defendant Lienquest's notice was deficient because case law has stated that a tax sale purchaser at a first-offering tax sale must inform all interested parties of the one-year redemption period as well as provide a 90 day warning before the purchaser obtains the collector's deed. Plaintiff argues that merely informing interested parties of the right to redeem 90 days prior to the date when the tax sale purchaser is authorized to obtain the Collector's Deed satisfies the notice requirements of a property sold at a third tax sale offering.

This issue was recently before the Missouri Court of Appeals in *Hames v. Bellistri*, 300 S.W.3d 235 (Mo. App. 2009). In *Hames,* Appellant's property was sold in a first or second tax sale to Appellee. The notice sent by Appellee stated that Appellant had to redeem his interest in the

7

property within 90 days from the date of receipt of the notice and that failure to redeem would result in a forfeit of Appellant's interest in the property to Appellee. The Missouri Court of Appeals concluded that the notice was inadequate to comply with the Mo Tax Sale Statute. The Court reasoned that the Mo Tax Sale Statute provides four directives to tax sale purchasers. First, the Mo Tax Sale Statute states who must be notified: "any person who holds a publicly recorded deed of trust, mortgage, lease, lien or claim upon th[e] real estate." *Hames v. Bellistri,* 300 S.W.2d at 239. Second, the Mo Tax Sale Statute provides how notice is to be provided. *Id.* Third, the Mo Tax Sale Statute states when notice must be provided: "at least ninety days prior to the date when a purchaser is authorized to acquire the deed". *Id.* And fourth, the Mo Tax Sale Statute states that the interested parties are entitled to be notified of their "right to redeem" the property. *Id.* As to the fourth directive, the Missouri Court of Appeals concluded that informing the interested parties of the right to redeem necessarily requires informing the interested parties of the entire redemption period. *Id.* (citation omitted).

The only notice requirement mandated by the Mo Tax Sale Statute is that the tax sale purchaser notify all interested parties, if any, at least 90 days prior to obtaining the collector's deed of the interested parties' right of redemption. *Contra Hames v. Bellistri*, 300 S.W.3d 235, 239-40 (Mo. App. 2009); *see Keylien Corp. v. Johnson,* 284 S.W.3d 606, 613 (Mo. App. 2009) (where the Missouri Court of Appeals stated that "for a notice in a first and second offering tax sale to accurately inform the recipient of the right to redeem, the notice must indicate that the recipient has one year from the date of the tax sale to redeem."). There is no Missouri Statute requirement, and the General Assembly of Missouri has not legislated any requirement, that the tax sale purchaser inform interested parties of the entire redemption period beyond the 90 day warning prior to expiration of the statutory redemption period, which is one year for first and second tax sale offerings.

In a first or second, as well as a third tax sale offering, all interested parties are given a 90

8

day notice of a right to redeem. Mo. Rev. Stat. § 140.405 (2009). The difference however is that in the case of a first or second tax sale offering, said 90 day notice cannot be sent to the interested parties unless at least one year will have elapsed between the date of the tax sale and the date when the tax sale purchaser is entitled to obtain the collector's deed. Since notice must be provided at least 90 days prior to obtaining the collector's deed, ordinarily, notice will be sent at least nine months after the tax sale. Irrespective of whether it is a first, second or third tax sale offering, the tax sale purchaser must obtain the collector's deed within two years of purchase, otherwise, the tax sale purchaser will lose all interest in the property. See Mo. Rev. Stat. § 140.420 (2009). Until the tax sale purchaser obtains the collector's deed, the owner of the property and any other interested party still have the right to redeem — their right to redeem does not automatically expire after the one-year period. *See generally York v. Authorized Investors Group, Inc.*, 931 S.W.2d 882, 887-88 (Mo. App. 1996) (where property owners had the right to redeem even after the statutory redemption period expired, up and until the execution of the tax deed to the property); *see also Wetmore v. Berger,* 188 S.W.2d 949, 953 (1945). Debtor did not exercise his right of redemption during the statutory redemption period, nor did he do so after expiration of the redemption period but before the Collector's Deed was executed and thus delivered to Defendant Lienquest.

      No party disputes receipt of the Notice of Intention. The only dispute is that the Notice of Intention does not indicate the entire redemption period of one year. This additional notice requirement is not mandated by the Mo Tax Sale Statute. This Court declines to place a burden on the tax sale purchaser without statutory instruction to that effect. The notice provided by Sass Muni complied with the plain-language of the Mo Tax Sale Statute.

      This Court must now decide whether the Collector's Deed provided to Defendant Lienquest is nonetheless invalid because Defendant Lienquest obtained the Collector's Deed after Debtor filed his bankruptcy petition. Plaintiff argues, and Debtor concurs, that issuance of the Collector's

9

Deed was an act in violation of the automatic stay. Further, both Plaintiff and Debtor argue that Debtor could have provided for payment of the delinquent taxes in a confirmed plan.

Ordinarily, Section 362 of the Bankruptcy Code acts to stay any and all procedures or acts which may concern a bankruptcy estate. See 11 U.S.C. § 362(a)(2009). However, Section 362 does not toll the expiration of a redemption period. *Johnson v. First Nat. Bank of Montevideo, Minnesota (In re Johnson),* 719 F.2d 270, 273-74 (8th Cir. 1988); *In re Froehle,* 286 B.R. 94, 103 (B.A.P. 8th Cir. 2002).

Unless otherwise mandated by Congress, property rights are defined by state law. *Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979).

> [T]here is no reason why such [property] interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding. Uniform treatment of property interests by both state and federal courts within a State serves to reduce uncertainty, to discourage forum shopping, and to prevent a party from receiving "a windfall merely by reason of happenstance of bankruptcy."

*Id.*

11 U.S.C. § 108(b) states that

> if applicable nonbankrutpcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor or an individual protected under section 1201 or 1301 of this title may file any pleading, demand, notice, or proof of claim or loss, **cure a default, or perform any other similar act**, **and such period has not expired before the date of the filing of the petition**, the trustee may only file, cure, or perform, as the case may be, before the later of — (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or (2) 60 days after the order for relief.

11 U.S.C. § 108(b) (2009).

Here, Plaintiff argues that issuance of the Collector's Deed may have been in violation of the automatic stay because said act took place after Debtor filed the instant bankruptcy case. Such a conclusions operates against the Bankruptcy Code and case law. The Eighth Circuit has clearly stated that transfer of property upon expiration of a period of redemption does not constitute an act,

proceeding or enforcement of a right within the meaning of Section 362(a). *See In re Johnson,* 719 F.2d at 276; see also *In re Froehle,* 286 B.R. at 99. Further, filing for bankruptcy protection does not operate to toll the redemption period. Therefore, if Debtor wished to cure the tax default, Debtor should have done so before the redemption period expired, and he certainly needed to do so prior to when Defendant Lienquest obtained the Collector's Deed. Execution and delivery of the Collector's Deed to Defendant Lienquest was proper.

The only remaining matter concerns the excess proceeds from the tax sale. The tax liability on the Property was $7,995.00 and the highest and best bid for the Property was in the amount of $22,000.00. There is therefore an excess of $14,005.00. Plaintiff asserts that Plaintiff is entitled to the excess proceeds as a junior lienholder whose lien on the Property has priority over all other encumbrances on the Property.

"In Missouri, it has been the rule since as early as 1855 that junior lienholders are entitled to surplus proceeds from a foreclosure sale on a senior lien." *Stulz v. Citizens Bank and Trust Co.*, 160 S.W.3d 423, 428 (Mo. App. W.D. 2005)(citation omitted). While property acquired at a tax sale is ordinarily obtained free and clear of all encumbrances, as all prior encumbrances are ordinarily extinguished, such a result is separate and apart from how surplus proceeds of a tax sale are to be distributed. *See In re Reid,* 73 B.R. 88, 90 (Bankr. E.D. Mo. 1987) (where excess proceeds from foreclosure of first note were awarded to second note holder); *see also Stulz v. Citizens Bank and Trust Co.,* 160 S.W.3d at 429 (where excess proceeds from foreclosure awarded to second note holder over debtors). Upon satisfaction of the delinquent taxes, Plaintiff would have priority over all other encumbrances and as such, Plaintiff is indeed entitled to the excess tax sale proceeds in the amount of $14,005.00 less any costs incurred by the St. Louis County Collector of Revenue in connection with this tax sale.

11

An Order consistent with the above will be entered separately in this matter.

*Kathy A. Surratt-States*
KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED: September 24, 2010
St. Louis, Missouri

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

Michael Ernest Boyd
Noonan & Wiseman, P.C.
701 Market Street
Suite 1210
Saint Louis, MO 63101

Carl I Boykin, III
12911 Cathedral Hill Dr.
St. Louis, MO 63138

Ian C. Simmons
Beck Simmons LLC
3206 Shenandoah Ave.
St. Louis, MO 63104

James R. Brown
Castle Law Office of St. Louis
500 N. Broadway, Suite 1400
St. Louis, MO 63102

Rhonda L Boykin
12911 Cathedral Hill Drive
Saint Louis, MO 63138

Devin A. Sauer
Shapiro, Spaeth & Sauer, LLC
7777 Bonhomme, Ste. 1600
Clayton, MO 63105

Lienquest Properties, LLC
Devin A. Sauer
7777 Bonhomme Ave., Ste. 1600
Clayton, MO 63105

Phillip K. Gebhardt
Gebhardt Real Estate and Legal Svcs, LLC
1720 North Main Street
Desoto, MO 63020

Saint Louis County Collector of Revenue
41 South Central Avenue
4th Floor
Clayton, MO 63105

Robert Edward Fox, Jr.
St. Louis County Couselor's Office
41 S. Central Avenue
Clayton, MO 63105

Wilshire Credit Corporation
c/o CSC-Lawyers Incorporating Ser. Co
221 Bolivar Street
Jefferson City, MO 65101

Metropolitan St Louis Sewer District
2350 Market Street
St. Louis, MO 63103

Missouri Department of Revenue
General Counsel's Office
Bankruptcy Unit
PO Box 475
Jefferson City, MO 65105

Internal Revenue Service
United States Attorney
111 S. Tenth Street
Room 20.333
St. Louis, MO 63102

Wesley D. Wedemeyer
Office of the United States Attorney
111 S. 10th St., Room 20.333
St. Louis, MO 63102

13